UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUES LAPREAD,

    Plaintiff,

v.                                       CASE NO. 8:23-cv-1385-SDM-JSS

MICHAEL BUIS, et al.,

    Defendants.
_____/

## ORDER

Alleging that "[w]hile his small children and neighbors watched" he was arrested without probable cause, Jacques LaPread sues the Clearwater Police Department and Clearwater police officers Michael Buis, Kyle Bingham, and Henry Giles. The defendants move (Doc. 15) to dismiss. LaPread responds (Doc. 22) in opposition.

## BACKGROUND[*]

On June 20, 2019, Jennifer Stanley called the police and reported that someone broke into her Jeep and stole a wristlet, which contained, among other things, Stanley's driver's license, credit cards, and gift cards. Using one of the stolen credit cards, someone purchased cigarettes at a gasoline station and purchased "goods" at a Walgreens. Several Clearwater police officers (LaPread fails to specify which

---

[*] Each well-pleaded allegation of fact is assumed true.

officers) went to the station to obtain a security video that showed the person who used the stolen credit card.

When the officers arrived, LaPread was exiting the station. LaPread, an African-American man wearing a white short-sleeve t-shirt and blue shorts, held the door open for the officers. One of the officers recorded LaPread's license plate number, and LaPread left the station. The officers obtained the video, which showed that an African-American man wearing a white long-sleeve shirt and grey slacks used the stolen credit card.

The officers "ran [LaPread's license] plate number," which confirmed that LaPread owned the car. The officers (again, LaPread fails to specify which officers) went to LaPread's home, held LaPread at gunpoint, and arrested LaPread. A search of LaPread's vehicle yielded neither an item taken from Stanley's Jeep nor cigarettes. Nevertheless, the officers transported LaPread to jail. The state attorney declined to prosecute LaPread, but because of the arrest LaPread was ineligible for a promotion at his work.

In a separate, earlier-filed (but still pending) action, *LaPread v. Slaughter*, No. 8:23-cv-00727-CEH-AAS (M.D. Fla.), LaPread sued Daniel Slaughter in his official capacity as the Clearwater chief of police. After an order dismissed without prejudice the complaint in the earlier action, LaPread filed this action, which asserts against the Clearwater Police Department, Buis, Bingham, and Giles two claims under 42 U.S.C. § 1983, one claim under 42 U.S.C. § 1981, and five claims under Florida tort law.

- 2 -

ANALYSIS

I.    <u>LaPread Cannot sue the Clearwater Police Department</u>

A police department is generally not "subject to suit," but "capacity to sue or be sued [is] determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Under Florida law, if a police department is an integral part of a city's government, the police department "is not an entity subject to suit." *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). The city, not the police department, has "the power to sue and be sued." *Corcoran*, 661 So. 2d at 410. LaPread can assert no claim against the Clearwater Police Department.

In any event, "even a brief review of the governing legal authority reveals" that a claim against a police department and a claim against a police chief are each a claim against the city. *Lavandeira v. Tampa Police Dep't*, 2020 WL 6545983, at *1 (M.D. Fla. 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985), and citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)). If LaPread amends the complaint in this action to assert a claim against the City of Clearwater, any claim against the City would likely warrant dismissal based on impermissible claim splitting. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221 (11th Cir. 2021), and *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833 (11th Cir. 2017), explain that a party cannot split claims between two actions if the actions are premised on the "same transaction or series of transactions" and if the actions "involve[] the same parties and their privies." This action and the earlier-filed action, which remains pending, are

- 3 -

premised on the same transaction, that is, LaPread's allegedly unlawful arrest. Because the claims against the Clearwater Police Department in this action and the chief of police for Clearwater in the earlier-filed action are each claims against the same party, the City, any claim asserted against the City in this action is impermissible under the claim-splitting doctrine.

II.   **LaPread can assert no claim under Section 1981**

To assert a claim under 42 U.S.C. § 1981, a plaintiff must initially identify an impaired 'contractual relationship[]' . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). LaPread identifies no contract with any party. Further, each defendant is a state actor. *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000), explains that "[42 U.S.C.] § 1983 contains the sole cause of action against state actors for violations of [42 U.S.C.] § 1981." Even if LaPread can plead facts sufficient to support a claim that some defendant violated Section 1981, LaPread must assert the claim under Section 1983.

III.   **LaPread's allegations are inadequate to support the remaining claims**

A complaint must give a defendant "adequate notice of the claims against [the defendant] and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). LaPread's complaint fails to identify which defendant is responsible for each act or omission on which LaPread bases his claims. The complaint alleges generally that LaPread saw several officers at the gasoline station and that several officers participated in the allegedly unlawful arrest of LaPread, but LaPread fails to describe the role that each defendant had in

the arrest. The only allegation that mentions specifically one of the defendants is paragraph thirty-six of the complaint, which states:

> Eventually, BINGHAM arrived at the LaPREAD residence where he was being detained and read LaPREAD his Miranda Rights and advised him he was being charged with auto burglary and fraudulent use of a credit card.

This allegation appears to confirm that Bingham arrived after other officers held LaPread at gunpoint and handcuffed LaPread and that consequently Bingham never participated in holding LaPread at gunpoint or in handcuffing LaPread. Although LaPread fails entirely to specify Buis's or Giles's participation and although Bingham apparently never participated in the conduct about which LaPread sues, LaPread generally asserts each claim against Buis, Giles, and Bingham. Without further allegations detailing each officer's role, each of LaPread's claims fails.

Further, LaPread cannot assert any Florida tort claim based on an act or omission by an officer acting within the scope of the officer's employment unless the officer "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Section 768.28(9)(a), Florida Statutes, explains:

> The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

In other words, unless Buis, Giles, and Bingham "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," LaPread can assert, based on the facts alleged, no tort claim against Buis, Giles, or Bingham. LaPread alleges the conclusion that the "defendants" (LaPread omits to specifically state which defendants) acted "maliciously[] and with conscious and reckless disregard" for LaPread's rights, but again LaPread fails to specify which defendant is responsible for which acts. Also, LaPread cannot simultaneously assert his tort claims against both the City of Clearwater and Buis, Giles, and Bingham. *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996) ("In any given situation either the agency can be held liable under Florida law, or the employee, but not both.").

## CONCLUSION

For these reasons and others stated by the defendants, the amended motion (Doc. 15) to dismiss is **GRANTED**. The complaint is **DISMISSED**. No later than **MARCH 25, 2024**, LaPread may amend the complaint in accord with this order.

ORDERED in Tampa, Florida, on March 4, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE